# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CHESTER A. LAUTH, )
)
          Plaintiff, )
)
v. ) No. 03 C 8529
)
VILLAGE OF LAGRANGE PARK )
and DANIEL L. MCCOLLUM, )
)
          Defendants. )
)

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' bill of costs. For the reasons stated below, we award Defendants $3,372.02 in costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 54 provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed.R.Civ.P. 54(d)(1). Pursuant to 28

1

U.S.C. § 1920, a court can tax as costs: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. . . ." 28 U.S.C. § 1920. In awarding costs to a prevailing party a court should determine: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir.2000). In making such determinations, the court should keep in "mind that there is a heavy presumption in favor of awarding costs to the prevailing party." *Id.*

## DISCUSSION

In Defendants' bill of costs, Defendants seek to recover $4,459.46 in costs. Defendants have itemized the costs they seek to recover and have attached documentation to show the extent such costs were necessary in this action. Plaintiff Chester A. Lauth ("Lauth") has filed objections to Defendants' bill of costs and requests that the court deny or reduce the costs sought therein.

## I. Court Reporter Fees

Defendants have requested to be reimbursed $2,732.20 in costs for fees of the court reporter. Defendants have included in this amount $240.00 in costs for condensed copies of certain transcripts taken in this action in addition to the costs associated with the original transcripts. (Def.'s Costs). However, Defendants have failed to justify that the fees charged for the condensed copies of the transcripts are reasonable and recoverable costs. Accordingly, Defendants' request for costs for fees of the court reporter will be reduced by $240.00.

Defendants also seek $16.45 in costs for copies of exhibits from a deposition of a witness in this action. However, Defendants are not entitled to such costs since Defendants have indicated that Lauth's counsel tendered copies of those exhibits to Defendants at the deposition. *See Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998)(finding that a defendant was not allowed to recover costs for additional copies of deposition exhibits where plaintiff had previously provided defendant with such exhibits at the deposition). Accordingly, Defendants' request for costs for fees of the court reporter will be reduced by an additional $16.45.

Defendants' remaining court reporter fees, as itemized in their bill of costs, are reasonable. (Def.'s Costs). Therefore, Defendants are entitled to be reimbursed $2,475.75 in costs for court reporter fees incurred in this action.

## II. Printing Fees

Defendants have requested to be reimbursed $1,510.54 in costs for printing fees associated with the filing of Defendants' motion for summary judgment. Lauth argues that Defendants are not entitled to recover the "tabbing and binding costs" of Defendants' motion for summary judgment. (Pl.'s Objections 2). Lauth's argument is without merit since the $216.00 in "tabbing and binding costs" associated with the presentment of Defendants' motion for summary judgment was reasonable and essential to the filing of the motion. Lauth also contends that Defendants' request for costs should be reduced since Defendants are not entitled to recover printing fees for the three summary judgment "copies [made] for Defendant or its counsel." (Pl.'s Objections 2). Defendants do not dispute Lauth's contention in this regard and have agreed to reduce the reimbursement by half. (Def.'s Resp. 1-2). Accordingly, Defendants' request for $1,510.54 in costs for printing fees will be reduced by $755.27. The court finds such printing fees to be reasonable. Therefore, Defendants are entitled to be reimbursed $755.27 in costs for printing fees incurred in this action.

## III. Witness Fees

Defendants have requested to be reimbursed $141.00 in costs for witness fees. Lauth has not objected to Defendants' witness fee costs, and in any event, we find such costs to be reasonable. Therefore, Defendants are entitled to be

reimbursed $141.00 in costs for witness fees incurred in this action.

IV. Exemplification and Copy Fees

Defendants originally requested to be reimbursed $75.72 in costs for exemplification and copy fees for papers necessarily obtained for use in the case. However, Defendants have since indicated that they withdraw their request for $75.72 since it was submitted in error. (Def.'s Resp. 1).

## CONCLUSION

Based on the foregoing analysis, we award Defendants $3,372.02 in costs.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 15, 2005

5